UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
OCT - 4 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 4:18CR810 HEA/SPM |
| LACIA ALLEN, | ) |
| Defendant. | ) |

**INDICTMENT**

The Grand Jury charges:

**COUNT 1**

(Social Security Fraud)

**A.  Introduction**

1. The federal government created the social security number in 1936 to track the earning of United States workers, to determine a Social Security program applicant's entitlement to benefits, and to compute the applicant's benefit levels.

2. Because the social security number is assigned to nearly every legal resident of the United States, the private sector uses it as its chief means of identifying and gathering information about an individual. By combining a person's social security number, name, and date of birth, businesses within the private sector have been able to determine a person's credit worthiness.

3. Synthetic identity theft is a type of fraud in which various forms of information are

combined to create a new identity. The forms of information often include stolen or fictitious social security numbers.

4. The new identity is used to open financial accounts and make purchases from retailers and financial institutions who will accept the representations as true, and extend credit based upon the newly created identity.

5. Often times, the social security numbers used in synthetic identity theft have been issued to children, or others who use little, if any, credit.

6. To justify their use of a social security number other than that issued to them by the Social Security Administration, some individuals claim that they were attempting to build a fresh credit history through the use of a credit privacy number, credit protection number, consumer profile number, or "CPN," as a way of building a fresh credit history. However, they list the nine-digit CPN number on credit applications that request their social security number, and lead the credit issuers into believing the number is the legitimately issued social security number.

7. When individuals using synthetic identities fail to fulfill their financial obligations to the credit issuers, the credit issuers may seek recourse against the person who was issued legitimately the social security number used as a CPN.

B. **Fraudulent Use of the Social Security Number of Another Person**

On or about the dates listed below, within the Eastern District of Missouri, the defendant,

**LACIA ALLEN,**

in a matter within the jurisdiction of the United States Social Security Administration, for the purpose of obtaining something of value and for other purposes, knowingly, and with the intent to deceive, falsely represented to car dealerships and federally insured financial institutions that

the social security number ending in 0221 had been issued to her so defendant could obtain motor vehicle title loans from Vantage Credit Union as listed below, when in fact the social security number had been issued to a minor:

| COUNT | DATE | DEALERSHIP | LOAN AMOUNT |
|---|---|---|---|
| 1 | February 15, 2016 | All Star Dodge Chrysler Jeep | $46,650.00 |
| 2 | February 19, 2016 | Breckenridge Motor Co. Inc. | $18,694.00 |
| 3 | February 22, 2016 | Johnny Londoff Chevrolet Inc. | $27,749.00 |

In violation of Title 42, United States Code, Section 408(a)(7)(B).

A TRUE BILL.


_____
FOREPERSON

JEFFREY B. JENSEN
United States Attorney


_____
TRACY LYNN BERRY - 014753 TN
Assistant United States Attorney